IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA SANDIFER, ) | |
|                               Plaintiff, ) | |
|     v. ) | |
| ) | No.   08 C 1183 |
| FREEDOM MORTGAGE CORPORATION, ) | |
| INDYMAC BANK, F.S.B., ) | Judge Darrah |
| DEUTSCHE BANK NATIONAL TRUST ) | Magistrate Judge Cole |
| COMPANY, ) | |
|                              Defendants. ) | |

**ANSWER TO COMPLAINT**

NOW COMES Defendant IndyMac Bank, F.S.B. ("IndyMac"), by and through its attorneys, Craig C. Smith and Michael J. Weik of Smith & Weik, LLC and for its Answer to Plaintiff's Complaint states as follows:

1. Plaintiff files this action seeking a declaration that she has properly elected to rescind her home refinance loan, which was made to her in violation of the federal Truth In Lending Act, 15 U.S.C. § 1601, et seq. due to the creditor's failure to properly disclose the finance charges for the loan and its interference with Plaintiff's unconditional right to cancel.

**ANSWER:** IndyMac admits that Plaintiff has filed this action. IndyMac denies any remaining allegations in Paragraph 1.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as the action arises under the laws of the United States.

**ANSWER:** IndyMac admits that the Truth-in-Lending Act is a federal statute. IndyMac denies that Plaintiff has been damaged in the manner or to the extent alleged. IndyMac denies any remaining allegations in Paragraph 2.

3. Venue in this Court is proper pursuant to 28 U.S.C. §1391 as the defendants do business in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District as well as a substantial part of the property involved in this action is located within this District.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. Plaintiff is the owner and occupant of her home located at 4125 W. Arthington Street in Chicago, Illinois.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5. Freedom Mortgage Corporation ("Freedom") is a New Jersey corporation with its principal place of business located in Mount Laurel, New Jersey.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. At all times relevant hereto, Freedom regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written

agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable. Freedom entered into at least 25 such loans in the year 2003.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7. Deutsche Bank National Trust Company ("Deutsche Bank") is a national trust company with its principal place of business located in Santa Ana, California. Deutsche Bank presently purports to have an interest in the loan made by Freedom to Plaintiff.

**ANSWER:** IndyMac admits that Deutsch Bank is a national trust company and purports to have an interest in the loan at issue. IndyMac lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 7.

8. On or about July 18, 2007 Deutsche Bank, as trustee under a pooling and servicing agreement, filed an action in the Circuit Court of Cook County, Chancery Division seeking the equitable remedy of foreclosure against Plaintiff alleging she is delinquent in her obligations under the subject Adjustable Rate Note. The foreclosure action is still pending as of the date of this pleading.

**ANSWER:** IndyMac admits the allegations in Paragraph 8.

9. IndyMac Bank, F.S.B. ("IndyMac") is a federal savings bank with its principal place of business located in Pasadena, California. IndyMac is the parent company or affiliate of Freedom and current claims an interest in the loan made by Freedom to Plaintiff.

**ANSWER:** IndyMac admits that it is a federal savings bank. IndyMac denies that it is the parent company or affiliate of Freedom. IndyMac admits that it is the loan servicer for the loan. IndyMac denies any remaining allegations in Paragraph 9.

10. On or about November 30, 2004 Plaintiff refinanced the mortgage on her principal residence located at 4125 W. Arthington Street in Chicago, Illinois. Plaintiff refinanced her mortgage not for the purpose of purchasing the property, but for other personal or family uses.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11. Plaintiff entered into a loan transaction with Freedom to borrow $147,000, which was to be secured with a mortgage lien against her home. At the time Plaintiff applied for the loan she paid a "NONREFUNDABLE Application Fee" of $350.00.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12. At the closing of the refinance transaction Plaintiff was presented with the following documents:

a) HUD — Settlement Statement, attached hereto as Exhibit A;
b) Federal Truth In Lending Disclosure Statement, attached hereto as Exhibit B;
c) An interest only Adjustable Rate Note;
d) Mortgage, a true and correct copy of the executed Mortgage, as generated by the Cook County Recorder of Deeds Office is attached hereto as Exhibit C; and,
e) Agreement Concerning The Nonrefundability of Advance Fees,

4

attached hereto as Exhibit D.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13. Because this transaction was secured by Plaintiff's home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to her rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. § 1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. §226.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. The TILA reads in pertinent part:

[Text of Statute omitted]

**ANSWER:** IndyMac admits the existence of the Truth-in-Lending Act. IndyMac denies any allegation in Paragraph 14 that attempts to inconsistently characterize its contents.

15. Regulation Z reads in pertinent part:

[Text of Regulation omitted]

**ANSWER:** IndyMac admits the existence of Regulation Z. IndyMac denies any allegation in Paragraph 15 that attempts to inconsistently characterize its contents.

16.     The HUD-1 reveals that Plaintiff was charged $112.50 as the "governmental fee" for the recording of the mortgage, however the proper recording fee was actually no more than $62.50. On information and belief, no more than $62.50 was actually paid for the recording of the mortgage.

**ANSWER:**     IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17.     Plaintiff was overcharged by at least $50.00 for the recording of the mortgage, which was retained by either Freedom or its agent.

**ANSWER:**     IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18.     Regulation Z required Freedom to disclose on the Truth In Lending Disclosure Statement the "annual percentage rate" and "finance charge" in connection with the loan to Plaintiff.

**ANSWER:**     IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.     The amount paid by Plaintiff for the recording of the subject mortgage document was not reasonable or bona fide, and to the extent the charge is unreasonable or not bona fide, that amount is properly considered a "finance charge" as that term is defined by the TILA and Regulation Z.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. The amounts charged to Plaintiff for recording the mortgage document was not included in the finance charge or annual percentage rate as stated in the Federal Truth In Lending Statement provided to her at the closing.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Freedom was provided a copy of the HUD-1 showing the amount charged to Plaintiff for recording the mortgage prior to its final decision to fund the loan.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. Freedom did not disapprove of the charge nor did it alter the Truth In Lending Disclosure Statement to include the actual annual percentage rate or finance charge for the loan, including the amounts charged to Plaintiff for recording the mortgage.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. The Federal Truth In Lending Disclosure Statement provided to Plaintiff misrepresented the actual finance charge by at least $50.00.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Pursuant to 15 U.S.C. §1635(i)(2) and 12 C.F.R. §226.23(h)(2), due to the existing foreclosure, the underdisclosure of the finance charge by more than $35 is a violation of the TILA and gives rise to Plaintiff's extended right to rescind the subject transaction.

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. The Agreement Concerning The Nonrefundability of Advance Fees reads in pertinent part:

> "Application Fee Refund Policy — The Application Fee shown above is NOT REFUNDABLE even if Freedom Mortgage Corporation (FMC) doing business as Freedom Home Mortgage Corporation in some states rejects my loan application or I withdraw my loan application."

**ANSWER:** IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26. The clear language of the Agreement is that even if plaintiff sought to cancel her request for the loan that she was not entitled to a return of her "NONREFUNDABLE Application Fee."

**ANSWER:** IndyMac denies the allegations in Paragraph 26.

27.     The application fee charged on the subject loan is a "finance charge" as that term is defined under the TILA and therefore if a consumer seeks to rescind a transaction they are no longer responsible for the application fee. However, the Agreement contradicts that right by asserting to the consumer they will not be entitled to the return of their "NONREFUNDABLE Application Fee" regardless of their cancellation.

**ANSWER:**    IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.     Plaintiff was entitled to a "clear and conspicuous" notice of her right to cancel, which the "Nonrefundability" Agreement interfered with.

**ANSWER:**    IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     The failure to provide Plaintiff with a "clear and conspicuous" notice of her right to cancel gives rise to an extended right to rescind the transaction.

**ANSWER:**    IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.     Deutsche Bank now purports to be the legal and/or beneficial owner of the subject Adjustable Rate Note and Mortgage.

**ANSWER:**    IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31. IndyMac now purports to have the legal right to payments under the Adjustable Rate Note and Mortgage.

**ANSWER:** IndyMac admits that it is the loan servicer for the subject loan. IndyMac IndyMac lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 31.

32. On November 13, 2007, prior to this action Plaintiff elected to rescind the subject transaction by notifying Freedom, Deutsche Bank, and IndyMac, a copy of Plaintiff's election to rescind the subject transaction is attached hereto as Exhibit E.

**ANSWER:** IndyMac admits that a document is attached as Exhibit E. IndyMac denies that such a document constitutes a valid rescission of the subject loan. IndyMac denies any remaining allegations in Paragraph 32.

33. By the time of this pleading Freedom had not responded to Plaintiff's election and no defendant has agreed to honor Plaintiff's election.

**ANSWER:** IndyMac denies that Plaintiff has effectuated a valid rescission of the subject loan. IndyMac denies any remaining allegations in Paragraph 33.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. IndyMac is not a creditor or assignee within the meaning of TILA and therefore has no liability for any alleged TILA violation.

3. The alleged TILA violation is not apparent on the face of the disclosure statement.

WHEREFORE, Defendant prays that this Honorable Court deny the relief sought by Plaintiff and enter judgment in favor of Defendant.

                Respectfully Submitted,

                INDYMAC BANK, FSB

                s/Craig C. Smith_____
                One of Its Attorneys

Craig C. Smith # 6238126
Michael J. Weik
Smith & Weik, LLC
19 S. LaSalle St., Suite 601
Chicago, IL 60603
312-895-4560