IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THERESA SANDIFER**,  Plaintiff, v. **FREEDOM MORTGAGE CORPORATION**, a New Jersey corporation; **INDYMAC BANK, F.S.B.**, a federal savings bank; and **DEUTSCHE BANK NATIONAL TRUST COMPANY**, a national trust company.  Defendants. | No. 08 C 1183  JUDGE DARRAH  MAGISTRATE JUDGE COLE |

**MOTION TO STRIKE FREEDOM MORTGAGE CORPORATION
INSUFFICIENTLY PLEAD AFFIRMATIVE DEFENSES**

NOW COMES Plaintiff THERESA SANDIFER, by and through her attorney, Lloyd Brooks, to move this Court to strike Freedom Mortgage Corporation's insufficiently plead affirmative defenses. In support of this motion Plaintiff states as follows:

1. Plaintiff filed an action seeking a declaration that she has properly elected to rescind her home refinance loan, which was made to her in violation of the federal Truth In Lending Act, 15 U.S.C. §1601, et seq. due to the creditor's failure to properly disclose the finance charges for the loan and its interference with Plaintiff's unconditional right to cancel. Plaintiff seeks actual and statutory damages against all defendants for their failure to honor Plaintiff's election to rescind.

2. Freedom Mortgage Corporation filed its answer to Plaintiff's Complaint including a section denominated as "Affirmative Defenses." The entire section consist of six defenses, each plead in one sentence conclusory statements. This Court should strike the defenses as insufficiently pled. A copy of Freedom Mortgage Corporation Answer is attached hereto as Exhibit A.

3. Affirmative defenses are considered pleadings and therefore must be plead with the same specificity as other pleadings. *National Acceptance Co. of America v. Regal Products, Inc.*, 155 F.R.D. 631 (E.D. Wis. 1994). According to Rule 8(d) a pleading must be concise and direct, but an affirmative defense must contain sufficient factual statements to put plaintiff on notice of the basis for the claimed defense. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.3d 1286, 1294 – 95 (7th Cir. 1989).

4. The proper manner to attack the insufficiency of Chase's affirmative defenses is through a motion to strike. *In Re Midway Airlines, Inc.*, 175 B.R. 239 (N.D. Ill. 1994). Pursuant to Fed. R. Civ. Pro. Rule 12(f) this Court may order any insufficient defense stricken.

5. Here Freedom Mortgage Corporation has wholly failed to plead any facts, whatsoever, in support of their affirmative defenses. For instance, the first defense reads in its entirety "Plaintiff's complaint fails to state a claim for which relief can be granted." Simply denying that Plaintiff has stated a cause of action is an insufficient affirmative defense as a matter of law. *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp.2d 800 (N.D. Ill. 2000).

6. The second affirmative defense asserts that Freedom Mortgage Corporation is entitled to a set-off in the amount of the outstanding debt. Freedom Mortgage Corporation fails to assert any facts or statutory basis for this defense. Freedom Mortgage Corporation does not even state the amount of the alleged set-off. The assertion is an incomplete and insufficient pleading and should be stricken.

7. The third defense is also one sentence conclusory statements which read in their entirety, "Plaintiff's complaint is barred by the statute of limitations." There are no facts asserted to indicate which statute Freedom Mortgage Corporation relies on to claim the statute of limitations defense. Freedom mortgage does not give any dates or factual assertions or even

when the alleged statute of limitation began to run or when it terminated. As a result this assertion is incomplete and insufficient and should be stricken.

8.  The fourth and fifth affirmative defenses read, "Plaintiff's complaint is barred by the doctrine of unclean hands. Plaintiff's complaint is barred by the doctrine of laches." There are no facts asserted to indicate what matters Freedom Mortgage Corporation relies on to claim the unclean hands defense, moreover, any allegations of unclean hands are subject to the heightened pleading standards found under Fed. R. Civ. Pro. Rule 9(b). *Carpenter v. Ford Motor Co.*, 761 F. Supp. 62, 66 (N. D. Ill. 1991). There is no attempt by Freedom Mortgage Corporation in its affirmative defense to set forth sufficient allegations of fact to assert all of the elements for unclean hands. Furthermore, Freedom Mortgage Corporation does not assert any facts to support its doctrine of laches defense. Laches is a doctrine focused on one side's inaction that causes the other to materially change their position based on the legitimate reliance of the inaction. See. e.g. *Chapman v. County of Douglas,* 107 U.S. 348, 355. Here, Freedom Mortgage Corporation does not assert any facts that it legitimately relied upon or even if the alleged inaction detrimentally affected the Defendant. Futhermore, the unclean hands and laches are defenses in equity. This action requests actual and statutory damages and therefore affirmative defenses in equity are not appropriate. The affirmative defenses of unclean hands and laches are incomplete, insufficient, and inappropriate and should be stricken.

9.  In the sixth affirmative defense, Freedom Mortgage Corporation asserts that Plaintiff failed to file its claim as a compulsory counter-claim in the underlying foreclosure action. Freedom Mortgage Corporation fails to assert any facts or statutory basis for the claim that Plaintiff's claim is a compulsory counter-claim that must be included in the underlying foreclosure action. Furthermore, under Illinois law counterclaims are permissive and not

compulsory. *In Re Walker*, 232 B.R. 725, 733 (Bankr. N. D. Ill. 1999) (TILA rescission claim found not compulsory to state foreclosure action.)  Therefore, this assertion is incomplete and insufficient and should be stricken.

10.    Each of the affirmative defenses asserted by Freedom Mortgage Corporation suffer from similar deficiencies, as none of the assertions state any facts, but instead are one sentence legal conclusions. The affirmative defenses should be stricken as they are not properly plead and only serve to obfuscate this action.

WHEREFORE Plaintiff respectfully requests this Court strike Freedom Mortgage Corporation's affirmative defenses.

                                       Respectfully Submitted,

                                       _____
                                       Lloyd Brooks

State Bar No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 849-8000 Telephone
(708) 849-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for Theresa Sandifer*