# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| THERESA SANDIFER, | Case No. 08 C 1183 |
| Plaintiff, | Judge John W. Darrah |
| -vs- | |
| FREEDOM MORTGAGE CORPORATION, a New Jersey Corporation; INDY MAC BANK, F.S.B., a Federal Savings Bank; and, DEUTSCHE BANK NATIONAL TRUST COMPANY, a National Trust Company, | |
| Defendants. | |

**DEFENDANT FREEDOM MORTGAGE CORPORATION'S ANSWER TO COMPLAINT FOR VIOLATION OF TRUTH IN LENDING ACT**

NOW COMES Defendant Freedom Mortgage Corporation, by and through its counsel, Dressler l Peters, LLC, and for its Answer to Complaint for Violation of Truth In Lending Act, states as follows:

**Introduction to Nature of Action**

1. Plaintiff files this action seeking a declaration that she has properly elected to rescind her home refinance loan, which was made to her in violation of the federal Truth In Lending Act, 15 U.S.C. Section 1601, et seq. due to the creditor's failure to properly disclose the finance charges for the loan and its interference with Plaintiff's unconditional right to cancel.

**ANSWER:** Defendant Freedom Mortgage admits that Plaintiff filed this action but denies all remaining allegations within this paragraph.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331, as the action arises under the laws of the United States.

**ANSWER**: Defendant Freedom Mortgage admits the Truth in Lending Act is a federal statute but denies all remaining allegations within this paragraph.

3. Venue in this Court is proper pursuant to 28 U.S.C. Section 1391 as the defendants do business in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District as well as a substantial part of the property involved in this action is located within this District.

**ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

### Parties

4. Plaintiff is the owner and occupant of her home located at 4125 W. Arthington Street in Chicago, Illinois.

**ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

5. Freedom Mortgage Corporation ("Freedom") is a New Jersey corporation with its principal place of business located in Mount Laurel, New Jersey.

**ANSWER:** Defendant Freedom Mortgage admits the allegations set forth within this paragraph.

6. At all times relevant hereto, Freedom regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable. Freedom entered into at least 25 such loans in the year 2003.

> **ANSWER:** Defendant Freedom Mortgage admits the allegations set forth within this paragraph.

7. Deutsche Bank National Trust Company ("Deutsche Bank") is a national trust company with its principal place of business in Santa Ana, California. Deutsche Bank presently purports to have an interest in the loan made by Freedom to Plaintiff.

> **ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

8. On or about July 18, 2007 Deutsche Bank, as trustee under a pooling and servicing agreement, filed an action in the Circuit Court of Cook County, Chancery Division seeking equitable remedy of foreclosure against Plaintiff alleging she is delinquent in her obligations under the subject Adjustable Rate Note. The foreclosure action is still pending as of the date of this pleading.

> **ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

9. IndyMac Bank, F.S.B., ("IndyMac") is a federal savings bank with its principal place of business located in Pasadena, California, IndyMac is the parent company or affiliate of Freedom and current claims an interest in the loan made by Freedom to Plaintiff.

**ANSWER:** Defendant Freedom Mortgage admits that IndyMac is a federal bank; however, denies all remaining allegations within this paragraph.

### Facts Supporting Claim

10. On or about November 30, 2004 Plaintiff refinanced the mortgage on her principal residence located at 4125 W. Arthington Street in Chicago, Illinois. Plaintiff refinanced her mortgage not for the purpose of purchasing the property, but for other personal or family uses.

**ANSWER:** Upon information and belief, Defendant Freedom Mortgage that there was a refinance of the property described in Paragraph 10, but denies for lack of sufficient information or knowledge as to the remaining allegations.

11. Plaintiff entered into a loan transaction with Freedom to borrow $147,000, which was to be secured with a mortgage lien against her home. At the time Plaintiff applied for the loan she paid a "NONREFUNDABLE Application Fee" of $350.00.

**ANSWER:** Defendant Freedom Mortgage admits the allegations set forth within this paragraph.

12. At the closing of the refinance transaction Plaintiff was presented with the following documents:

a) HUD – Settlement Statement, attached hereto as Exhibit A;

b) Federal Truth in Lending Disclosure Statement, attached hereto as Exhibit B;

c) An interest only Adjustable Rate Note;

d) Mortgage, a true and correct copy of the executed Mortgage, as generated by the Cook County Recorder of Deeds Office is attached hereto as Exhibit C; and

e) Agreement Concerning The Nonrefundability of Advance Fees, attached hereto as Exhibit D.

**ANSWER:** Upon information and belief, Defendant Freedom Mortgage denies the allegations as set forth in Paragraph 13, for lack of sufficient information and knowledge.

13. Because this transaction was secured by Plaintiff's home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to her rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. Section 1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Section 226.

**ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same. As to the fact allegations of law, on the applicability of 12 U.S.C. 1635 and 12 C.F.R. Section 226, defendant denies same.

14. The TILA reads in pertinent part:

**15 U.S.C. Section 1635(i)(2) – Rescission Rights in Foreclosure**

…for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudical foreclosure process on the principal dwelling of the obligor securing an extension of credit, the disclosure of finance charge and other disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35 or is greater than the amount required to be disclosed under this subchapter.

**15 U.S.C Section 1635(g) – Additional relief**

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**15 U.S.C Section 1640 – Civil Liability**

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of–

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less then $200 or greater the $2,000;

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**15 U.S.C Section 1641 – Liability of Assignees**

(a) Prerequisites

Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.

(c) Right of rescission by consumer unaffected

Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.

**ANSWER:** Defendant Freedom Mortgage only admits the existence of the Truth in Lending Act.

15.     Regulation Z reads in pertinent part

Section 226.23

*(a) Consumer's right to rescind*

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission, or if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interests in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

*(b)(1) Notice of right to rescind*

in a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in section 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

    (i) The retention or acquisition of security interest in the consumer's principal dwelling.

    (ii) The consumer's right to rescind the transaction.

    (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

    (iv) The effects of rescission, as described in paragraph (d) of this section.

    (v) The date the rescission period expires.

*(d) Effects of rescission*

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumers tender, the consumer may keep it with out further obligation.

**(h) Special rules for foreclosures**

(2.) *Tolerance for disclosures*. After the initiation of foreclosures on the consumer's principal dwelling that secures the credit obligation, the finance charge and other disclosures affected by the finance charge (such as the amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

    (i)    Is understated by no more than $35; or
    (ii)   Is greater than the amount required to be disclosed

**ANSWER:** Defendant Freedom Mortgage only admits the existence of Regulation Z and denies remaining allegations.

**Grounds for Rescission**

**There is An Inaccurate Disclosure Of The True Finance Charge Of The Loan**

16. The HUD-1 reveals that Plaintiff was charged $112.50 as the "governmental fee" for the recording of the mortgage, however the proper recording fee was actually no more than $62.50. On information and belief, no more than $62.50 was actually paid for the recording of the mortgage.

**ANSWER:** Defendant Freedom Mortgage denies the allegations set forth within this paragraph.

17. Plaintiff was overcharged by at least $50.00 for the recording of the mortgage, which was retained by either Freedom or its agent.

**ANSWER:** Defendant Freedom Mortgage denies the allegations set forth within this paragraph.

18. Regulation Z required Freedom to disclose on the Truth In Lending Disclosure Statement the õannual percentage rateö and õfinance chargeö in connection with the loan to plaintiff.

**ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

19. The amount paid by Plaintiff for the recording of the subject mortgage document was not reasonable or bona fide, and to the extent the charge is unreasonable or not bona fide, that amount is properly considered a õfinance chargeö as that term is defined by the TILA and regulation Z.

**ANSWER:** Defendant Freedom Mortgage denies the allegations set forth within this paragraph and therefore denies same.

20. The amounts charged to Plaintiff for recording the mortgage document was not included in the finance charge or annual percentage rate as stated in the Federal Truth In Lending Statement provided to her at the closing.

**ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

21. Freedom was provided a copy of the HUD-1 showing the amount charged to Plaintiff for recording the mortgage prior to its final decision to fund the loan.

**ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

22. Freedom did not disapprove of the charge nor did it alter the Truth In Lending Disclosure Statement to include the actual annual percentage rate or finance charge for the loan, including the amounts charged to Plaintiff for recording the mortgage.

**ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

23. The Federal Truth In Lending Disclosure Statement provided to Plaintiff misrepresented the actual finance charge by at least $50.00.

**ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

24. Pursuant to 15 U.S.C 1635(i)(2) and 12 C.F.R. 226.23 (h)(2) , due to the existing foreclosure, the underdisclosure of the finance charge by more the $35 is a violation of the TILA and gives rise to Plaintiff's extended right to rescind the subject transaction.

**ANSWER:** Defendant Freedom Mortgage denies the allegations set forth within this paragraph.

**The Nonrefundability Agreement Interfered With Plaintiff's Right To Cancel**

25. The Agreement Concerning The Nonrefundability of Advanced Fees reads in pertinent part:

"Application Fee Refund Policy – The application fee shown above is NOT REFUNDABLE even if Freedom Mortgage Corporation (FMC) doing business as Freedom Home Mortgage Corporation in some states rejects my loan application or I withdraw my loan application"

**ANSWER:** Defendant Freedom Mortgage states that the allegations set forth within this paragraph shall speak for itself and therefore denies same.

26. The clear language of the Agreement is that even if Plaintiff sought to cancel her request for the loan that she was not entitled to a return of her "NONREFUNDABLE Application Fee."

**ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

27. The application fee charged on the subject loan is a "finance charge" as that term is defined under the TILA and therefore if a consumer seeks to rescind a transaction they are no longer responsible to the application fee. However, the Agreement contradicts that right by asserting to the consumer they will not be entitled to the return of their "NONREFUNDABLE Application Fee" regardless of their cancellation.

**ANSWER:** Defendant denies the allegations set forth within this paragraph.

28. Plaintiff was entitled to a "clear and conspicuous" notice of her right to cancel, which the "Nonrefundability" Agreement interfered with.

> **ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

29. The Failure to provide Plaintiff with a "clear and conspicuous" notice of her right to cancel gives rise to an extended right to rescind the transaction.

> **ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

### Assignee Liability for the TILA Violations and Rescission

30.. Deutsche Bank now Purports to be the legal and/or beneficial owner of the subject Adjustable Rate Note and Mortgage and therefore denies same.

> **ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph.

31. IndyMac now purports to have the legal right to payments under the Adjustable Rate Note and Mortgage.

> **ANSWER:** Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies same.

32. On November 13, 2007, prior to this action Plaintiff elected to rescind the subject transaction by notifying Freedom, Deutsche Bank, and IndyMac, a copy of Plaintiff's election to rescind the subject transaction is attached hereto as Exhibit E.

> **ANSWER:** Defendant Freedom Mortgage denies that Plaintiff effectuated a valid rescission and denies all remaining allegations set forth within this paragraph.

33. By the time of this pleading Freedom had not responded to Plaintiff's election and no defendant has agreed to honor Plaintiff's election.

**ANSWER:** Defendant Freedom Mortgage denies that Plaintiff effectuated a valid rescission and Defendant Freedom Mortgage lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations set forth within this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.

2. Defendant Freedom Mortgage is entitled to a set-off in the amount of the outstanding debt.

3. Plaintiff's complaint is barred by the statute of limitations

4. Plaintiff's complaint is barred by the doctrine of unclean hands

5. Plaintiff's complaint is barred by the doctrine of laches.

6. Plaintiff's failed to file its claim as a compulsory counter-claim in the underlying foreclosure action.

        Dressler l Peters, LLC,

By: /s/ Dennis Dressler
Dennis Dressler, Esq. (IL Number 6271183)
Dressler l Peters, LLC
111 West Washington Street, Suite 1900
Chicago, IL 60601
Telephone: (312) 602-7360
Facsimile: (312) 637-9378
Email: ddressler@dresslerpeters.com