IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA SANDIFER, | ) | |
| | ) | |
| Plaintiff, | ) | No.  08 C 1183 |
| | ) | |
| v. | ) | JUDGE DARRAH |
| | ) | |
| FREEDOM MORTGAGE CORPORATION, | ) | MAGISTRATE JUDGE COLE |
| A New Jersey corporation, INDYMAC BANK, | ) | |
| F.S.B., a federal savings bank; and, DEUTSCHE | ) | |
| BANK NATIONAL TRUST COMPANY, a | ) | |
| national trust company, | ) | |
| | ) | |
| Defendants. | ) | |

**FREEDOM MORTGAGE CORPORATION'S
ANSWER & AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

NOW COMES Defendant, Freedom Mortgage Corporation ("Freedom"), by and through its counsel, and for its Answer and Affirmative Defenses to Theresa Sandifer's Amended Complaint for Violation of Truth in Lending Act, states as follows:

**Introduction to Nature of Action**

1.      Plaintiff files this action seeking a declaration that she has properly elected to rescind her home refinance loan, which was made to her in violation of the federal Truth in Lending Act, 15 U.S.C. § 1601, et seq. due to the creditor's failure to properly disclose the finance charges for the loan and its interference with Plaintiff's unconditional right to cancel.

**ANSWER**:     Freedom admits that Plaintiff filed this action but denies all remaining allegations in their entirety.

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States.

1

**ANSWER**:   Freedom admits that 28 U.S.C. § 1331 is a federal statute, but denies all remaining allegations in their entirety.

3.   Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as the defendants do business in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District as well as a substantial part of the property involved in this action is located within this District.

**ANSWER**:   Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

## Parties

4.   Plaintiff is the owner and occupant of her home located at 4125 W. Arthington Street in Chicago, Illinois.

**ANSWER**:   Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

5.   Freedom Mortgage Corporation ("Freedom") is a New Jersey corporation with its principal place of business located in Mount Laurel, New Jersey.

**ANSWER**:   Freedom admits the allegations set forth within this paragraph.

6.   At all times relevant hereto, Freedom regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written

agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable. Freedom entered into at least 25 such loans in the year 2003.

**ANSWER**:   Freedom admits the allegations set forth within this paragraph.

7.   Deutsche Bank National Trust Company ("Deutsche Bank") is a national trust company with its principal place of business located in Santa Ana, California.  Deutsche Bank presently purports to have an interest in the loan made by Freedom to Plaintiff.

**ANSWER**:   Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

8.   On or about July 18, 2007 Deutsche Bank, as trustee under a pooling and servicing agreement, filed an action in the Circuit Court of Cook County, Chancery Division seeking the equitable remedy of foreclosure against Plaintiff alleging she is delinquent in her obligations under the subject Adjustable Rate Note.  The foreclosure action is still pending as of the date of this pleading.

**ANSWER**:   Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

9.  IndyMac Bank, F.S.B. ("IndyMac") is a federal savings bank with its principal place of business located in Pasadena, California. IndyMac is the parent company or affiliate of Freedom and currently claims an interest in the loan made by Freedom to Plaintiff.

**ANSWER**:  Freedom admits that IndyMac is a federal bank, but denies all remaining allegations within this paragraph.

### Facts Supporting Claim

10.  On or about November 30, 2004 Plaintiff refinanced the mortgage on her principal residence located at 4125 W. Arthington Street in Chicago, Illinois. Plaintiff refinanced her mortgage not for the purpose of purchasing the property, but for other personal or family uses.

**ANSWER**:  Upon information and belief, Freedom admits that there was a refinance of the property described in this paragraph, but Freedom lacks knowledge or information sufficient to for a belief concerning the truth of the remaining allegations set forth within this paragraph and therefore denies the same in its entirety.

11.  Plaintiff entered into a loan transaction with Freedom to borrow $147,000, which was to be secured with a mortgage lien against her home. At the time Plaintiff applied for the loan she paid a "NONREFUNDABLE Application Fee" of $350.00.

**ANSWER**:  Freedom admits that Plaintiff executed an Agreement Concerning the Non-refundability of Advanced Fees attached to the Amended Complaint as Exhibit D in connection with a loan in the principal amount of $47,000.00 which was subsequently entered into. Freedom denies the remaining allegations for lack of information and knowledge thereof.

12. At the closing of the refinance transaction Plaintiff was presented with the following documents:

    a) HUD – Settlement Statement, attached hereto as Exhibit A;

    b) Federal Truth in Lending Disclosure Statement, attached hereto as Exhibit B;

    c) An interest only Adjustable Rate Note;

    d) Mortgage, a true and correct copy of the executed Mortgage, as generated by the Cook County Recorder of Deeds Office is attached hereto as Exhibit C; and

    e) Agreement Concerning the Nonrefundability of Advance Fees, attached hereto as Exhibit D.

**ANSWER**: Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

**Plaintiff's TILA Rights**

13. Because this transaction was secured by Plaintiff's home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to her rescission rights pursuant to the Truth in Lending Act, 12 U.S.C. § 1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226.

**ANSWER**: Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

14. The TILA reads in pertinent part:

**15 U.S.C. § 1635(i)(2) – Rescission Rights in Foreclosure**

...for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudicial foreclosure process on the principal dwelling of the obligor securing an extension of credit, the disclosure of finance charge and other disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge by more than $35 or is greater than the amount required to be disclosed under this subchapter.

**15 U.S.C. § 1635(g) – Additional relief**

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**15 U.S.C. § 1640 – Civil Liability**

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of the failure;

(2) (A)(iii) in the case of an individual action relating to a credit transaction not under any open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**15 U.S.C. § 1641 – Liability of Assignees**

(a) Prerequisites

Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary. For the purpose of this section, a violent apparent on the face of the

6

disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.

(c)  Right of rescission by consumer unaffected.

Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind this transaction as against any assignee of the obligation.

**ANSWER**:    Freedom admits to the existence of the federal statutes cited and each speaks for itself; although Freedom does not admit to whether the recitation provided is accurate, nor does Freedom admit to the applicability of the statutes.

15.    Regulation Z reads in pertinent part.:

§ 226.23

(a) Consumer's right to rescind.

(1)    In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of the this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon the sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.
(b)(1)  Notice of right to rescind.

In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to

each if the notice is delivered by electronic communication as provided in section 226.35(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

    (i)    The retention or acquisition of a security interest in the consumer's principal dwelling.

    (ii)    The consumer's right to rescind the transaction.

    (iii)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

    (iv)    The effects of rescission, as described in paragraph (d) of this section.

    (v)    The date the rescission period expires.

(d) Effects of rescission.

(1)    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2)    Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3)    If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

(h) Special rules for foreclosures.

(2) *Tolerance for disclosures*. After the initiation of foreclosure on the consumer's principal dwelling that secures the credit obligation, the finance charge and other disclosures affected by the finance charge (such as the amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

(i) is understated by no more than $35; or

(ii) is greater than the amount required to be disclosed.

**ANSWER**:   Freedom admits to the existence of the federal statute cited which speaks for itself; although Freedom does not admit to whether the recitation provided is accurate, nor does Freedom admit to the applicability of the statute.

## Grounds for Rescission

### There is an Inaccurate Disclosure of the True Finance Charge of the Loan

16.   The HUD-1 reveals that Plaintiff was charged $112.50 as the "governmental fee" for the recording of the mortgage, however the proper recording fee was actually no more than $62.50.  On information and belief, no more than $62.50 was actually paid for the recording of the mortgage.

**ANSWER**:   Freedom denies the allegations set forth within this paragraph.


17.   Plaintiff was charged an unreasonable amount of title and settlement fees, including $375.00 for "Settlement of Closing Fee", $150.00 for "Madison Clsng. Coord. Fee", and $195.00 for "Notary Fee."

**ANSWER**:   Freedom denies the allegations set forth within this paragraph.


18.   The total of these amounts are excessive in light of the fact that the closing did not take place at a title company office.  Instead, the signing took place at the home of the notary public, despite the fact that the HUD-1 indicates otherwise.  As a result, the title company cannot

even claim the general operational costs that one could associate with hosting a closing as the event did not take place at the title company's office.

**ANSWER**:    Freedom lacks knowledge or information sufficient to for a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

19.    The $195.00 notary fee is particularly excessive considering the Illinois Notary Public Act, 5 ILCS 312/3-104, which states "...the maximum fee in this State is $1 for any notarial act performed."  Illinois law does not require the certification of a notary public for a conveyance to be effective.

**ANSWER**:    Freedom denies the allegations set forth within this paragraph.

20.    A Notary Fee is a finance charge that must be disclosed to Plaintiff as a "finance charge" on the Trust in Lending Disclosure Statement pursuant to Regulation Z unless all of the following conditions are met:  the document to be notarized is one used to perfect, release or continue a security interest, the document is required by law to be notarized, the notary is considered a public official, and the amount of the fee is set or authorized by law.

**ANSWER**:    The requirements of Regulation Z are set forth in the Regulation; to the extent the allegation states additional requirements such allegations are denied.

21.    In this case, the notary fee assessed to the Plaintiff is considerably more than the amount authorized by law and the document did not need to be certified by a notary public to be effective.  Therefore, the notary fee does not fall into the narrow exception in TILA and must be

disclosed as a finance charge. However, these charges were not included within the finance charge disclosed to the Plaintiff. Therefore, the disclosed finance charge and the APR for the subject loan is inaccurate and a violation of the Plaintiff's TILA rights under Section 15 U.S.C. § 1635 (i)(2).

**ANSWER**: Freedom denies the allegations set forth within this paragraph.

22. The amount paid by Plaintiff for the recording of the subject mortgage document and closing fees were not reasonable or bona fide, and to the extent the charge is unreasonable or not bona fide, that amount is properly considered a "finance charge" as that term is defined by the TILA and Regulation Z.

**ANSWER**: Freedom denies the allegations set forth within this paragraph.

23. Regulation Z required Freedom to disclose on the Truth In Lending Disclosure Statement the "annual percentage rate" and "finance charge" in connection with the loan to Plaintiff.

**ANSWER**: Freedom denies the allegations set forth within this paragraph.

24. Freedom was provided a copy of the HUD-1 showing the amount charged to Plaintiff for the recording of the mortgage, closing, and notary related services prior to its final decision to fund the loan.

**ANSWER**: Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

11

25. Freedom did not disapprove of the charges nor did it alter the Truth In Lending Disclosure Statement to include the actual annual percentage rate or finance charge for the loan, including the above described amounts charged to Plaintiff.

**ANSWER**: Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

26. The Federal Truth In Lending Disclosure Statement provided to Plaintiff misrepresented the actual finance charge by at least $619.00.

**ANSWER**: Freedom denies the allegations set forth within this paragraph.

27. Pursuant to 15 U.S.C. § 1635(i)(2) and 12 C.F.R. § 226.23(h)(2), due to the existing foreclosure, the underdisclosure of the finance charge by more than $35 is a violation of the TILA and gives rise to Plaintiff's extended right to rescind the subject transaction.

**ANSWER**: Freedom denies the allegations set forth within this paragraph.

### The Nonrefundability Agreement Interfered with Plaintiff's Right to Cancel

28. The Agreement Concerning the Nonrefundability of Advance Fees reads in pertinent part:

> "Application Fee Refund Policy – The Application Fee show above is NOT REFUNDABLE even if Freedom Mortgage Corporation (FMC) doing business as Freedom Home Mortgage Corporation in some states rejects my loan application or I withdraw my loan application."

**ANSWER**:   Freedom admits to the existence of the document referenced within this paragraph, but does not admit to the accuracy of the recitation.

29. The clear language of the Agreement is that even if plaintiff sought to cancel her request for the loan that she was not entitled to a return of her "NONREFUNDABLE Application Fee."

**ANSWER**:   Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

30. The application fee charged on the subject loan is a "finance charge" as that term is defined under the TILA and therefore if a consumer seeks to rescind a transaction they are no longer responsible for the application fee.  However, the Agreement contradicts that right by asserting to the consumer that they will not be entitled to the return of their "NONREFUNDABLE Application Fee regardless of their cancellation.

**ANSWER**:   Freedom denies the allegations set forth within this paragraph.

31. Plaintiff was entitled to a "clear and conspicuous" notice of her right to cancel, which the "Nonrefundability" Agreement interfered with.

**ANSWER**:   Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

32. The failure to provide Plaintiff with a "clear and conspicuous" notice of her right to cancel gives rise to an extended right to rescind the transaction.

**ANSWER**: Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

### Assignee Liability for the TILA Violations and Rescission

33. Deutsche Bank now purports to be the legal and/or beneficial owner of the subject Adjustable Rate Note and Mortgage.

**ANSWER**: Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

34. IndyMac now purports to have the legal right to payments under the Adjustable Rate Note and Mortgage.

**ANSWER**: Freedom lacks knowledge or information sufficient to for a belief concerning the truth of the allegations set forth within this paragraph and therefore denies the same in its entirety.

35. On November 13, 2007, prior to this action Plaintiff elected to rescind the subject transaction by notifying Freedom, Deutsche Bank, and Indymac, a copy of Plaintiff's election to rescind the subject transaction is attached hereto as Exhibit E.

**ANSWER**:　Freedom denies that Plaintiff effectuated a valid rescission and denies all remaining allegations set forth within this paragraph.

36.　By the time of this pleading Freedom had not responded to Plaintiff's election and no defendant agreed to Plaintiff's election.

**ANSWER**:　Freedom denies that plaintiff effectuated a valid rescission and Freedom lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations set forth within this paragraph and therefore denies the same in its entirety.

Freedom denies each and every allegation not expressly admitted herein.

WHEREFORE, FREEDOM MOTGAGE CORPORATION respectfully requests that the Plaintiff take nothing by way of its Complaint and award FREEDOM MORTGAGE CORPORATION its cost in this matter.

### AFFIRMATIVE DEFENSES

1.　To the extent that any errors were made with regard to the reporting or allocation of fees and costs, or the calculation of the finance charge and/or annual percentage rate, such errors were unintentional and bona fide pursuant to 15 U.S.C. § 1640(c) (West 2008).

2.　Plaintiff is not entitled to actual damages and has failed to state a claim for such as she has not plead detrimental reliance upon any alleged misstatement of a required disclosure, nor has she plead any actual damages as a result of a failure to honor the purported rescission.

3. Freedom is entitled to a set-off for all amounts due and owing from Plaintiff under the Note and Mortgage until such time as any alleged rescission became effective. Such amount is not precisely known at this time; however, it shall be ascertained through discovery.

4. Exhibit E to the Complaint is unsigned and the purported evidence of mailing is not attached; therefore, whether Plaintiff timely sent the notice and complied with the applicable statute of limitation cannot be ascertained by the pleadings.

WHEREFORE, FREEDOM MOTGAGE CORPORATION respectfully requests that the Plaintiff take nothing by way of its Complaint and award FREEDOM MORTGAGE CORPORATION its cost in this matter.

FREEDOM MORTGAGE CORPORATION,

By:  /s/ Dennis A. Dressler
     Dennis A. Dressler
     Dressler | Peters, LLC
     111 West Washington, Suite 1900
     Chicago, Illinois 60602
     312-602-7360 Telephone
     312-637-9378 Facsimile
     E-mail: ddressler@dresslerpeters.com